PHILIP H. WILBOUR *vs.* ELLIS B. WILBUR *et al.*

APRIL 19, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. Complainant, as a citizen and taxpayer of the town of Little Compton, brought a bill in equity for an injunction against members of the town council, school committee and a special building committee appointed at a town meeting to erect a central school building to take the place of all other schools in the town. After hearing on the merits, the Superior Court denied complainant's prayer and he is here on appeal from the decree dismissing his bill.

While respondents suggest that the bill should have been brought by the attorney general, they do not strongly press this objection. All parties desire a speedy determination on the merits of the question at issue. In view of the pressing need of enlarged school facilities, and of the undeniable fact that complainant as a citizen and taxpayer is entitled to question the legality of town expenditures, either through the instrumentality of the attorney general or individually, we think it desirable to pass upon the merits of the case without expressing our opinion on the better form of procedure.

Complainant's bill asserts some claims which are now abandoned. Those pressed relate to the validity of the selection of a site for the new school building and the legality of certain condemnation proceedings alleged to have been taken under General Laws 1923, Ch. 82. The latter involve questions of title and the right to condemn the particular land, which we need not pass upon, because in our opinion the answer to the former question is determinative of the issue here involved.

On August 28, 1677, the "original proprietors" passed a vote relative to certain land, in which a certain definite parcel was set aside to remain "for public use, as for a meeting house, burying place, training, pound &c." The words following "as for" clearly indicate that this was not such a common as was known at common law with the rights of pasturage, etc., although the land has always been referred

to as the Little Compton Common Ground. Nor are these words intended to restrict the uses of the Common to those enumerated. "Etc." indicates that other public uses were contemplated. The words were merely illustrative of some public uses in the minds of the proprietors. Since that time there have been erected on the Common a town hall, Grange hall, Odd Fellows hall, two churches, a hearse house and sheds. Two cemeteries and a pound have been set off. Of these the pound, one church, the hearse house and town hall were voted to be located on the Common by a town meeting. For at least seventy-five years a schoolhouse has stood thereon and no evidence indicates that its location was the subject of consideration by a town meeting. Complainant does not now deny that the use of the Common for the proposed school is a public use within the terms of the dedication. The school now standing is to be superseded by the proposed building although not occupying the same ground. The new school is to be a 10 room wooden structure 113' x 91' and with its surrounding land will occupy about one acre. It will surround the pound on three sides, so that access to the pound will necessarily be across the school yard. For the last fifteen years the pound has been used infrequently, the last time two years ago according to the pound keeper. The cemeteries are well filled and about the only unoccupied space if enlargement were necessary would be the proposed school site.

It is to be noted that priority of any particular public use is not given by the dedicatory vote. The right of the school committee alone to select a school site is admitted. *Murphy v. Duffy*, 46 R. I. 210. On May 29, 1928, following a vote at town meeting on April 3, 1928, in which $60,000 was legally appropriated for the erection of a new central school at or near the Common and the appointment of a building committee, the school committee selected as a site the portion of the Common in question. This selection was at once communicated to the building committee, was a matter of common knowledge, and steps were taken toward borrow-

ing the money and making the necessary contracts. These were completed in December, 1928, and work of excavation started about February 12, 1929. A few days later the present bill was filed and a restraining order granted.

Complainant, conceding that the school committee has sole power to select a site and that a school building may be placed upon the Common as one of the public uses contemplated in the dedication, contends that because this was town land authority so to do was required from a vote of the town meeting duly warned that such question would be raised. Whether this was land owned by the town or whether the reversion is in the heirs of the proprietors is unnecessary to decide. Assuming, however, for purposes of argument that the Common is town land, G. L. 1923, Ch. 48, Sec. 12, does not apply to the proposed use thereof. That section, among other things, concerns warnings to be issued in the notices of town meetings when town land is to be disposed of. Disposal there clearly means the passing out of control of the town, either temporarily or permanently. It does not include a mere change of use of town property by proper administrative officers. The school is town property. The school committee men are town officers elected by vote of all the people and while acting within the scope of their authority, they act for the town as completely as does the council in its sphere. It may be noted in this connection that by vote of the town meeting June 3, 1879, the town council was given the "care of the Common Ground." While this may be ambiguous, it is not unfair to construe it as intending to give right to control the uses to which the land shall be put and in the case before us the council and school committee cooperated in making this use of the Common and both are here sought to be enjoined.

Complainant's contentions are without merit.

Restraining order vacated.

Complainant's appeal is denied; the decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Sheffield & Harvey, John R. Haire,* for complainant.
*Henry C. Hart, Curran, Hart, Gainer & Carr,* for school committee. *Arthur S. Phillips,* for building committee. *Burdick, Corcoran & Peckham,* for town council.